*1133 OPINION.
Love:
Petitioner’s principal contention in these proceedings is that she is entitled to a deduction for depletion of the coal mined by *1134 Coxe Brothers and Company under the indenture dated June 24, 1904. She bases this contention upon the ground that she is a life beneficiary under the wills of two of the original lessors of the said indenture. She had no interest in the corpus of either trust created under the wills of Rebecca Coxe and Eckley B. Coxe, Jr. The taxable years in .question are all prior to the taxable year 1928. Under such circumstances we have held in a long line of decisions that deductions in the nature here contended for are not allowable. See Sophia G. Coxe (where the will of Eckley B. Coxe, Jr., was also involved), 5 B. T. A. 261; Arthur H. Fleming, 6 B. T. A. 900; Richard Sharpe (a Pennsylvania case), 17 B. T. A. 135; Albert Taylor, 19 B. T. A. 688; Catherine A. Codman, 20 B. T. A. 880; affirmed by the First Circuit at 50 Fed. (2d) 763; and Otto H. Falk et al., 24 B. T. A. 299, and cases therein cited. Petitioner cites aúd relies upon the decision of the Second Circuit in Merle-Smith v. Commissioner, 42 Fed. (2d) 837, but this case is to be distinguished from the instant proceedings on the same basis as it was distinguished in Otto H. Falk, supra.
But petitioner further contends that while the indenture of June 24, 1904, is in the form of a lease, yet the courts of Pennsylvania, where the coal lands in question were located, hold that where the term is for the exhaustion of the mineral, the agreement between the parties in such cases is a sale of the coal in place and not a lease thereof. From this contention petitioner argues that the amounts she received from the two trusts in question “ are in fact installments of the purchase price of the coal and relate to capital assets ”; that “ the mere intervention of a trustee through whom the said royalties are paid does not change their nature ”; and that “ as the royalties represent shares of capital, the taxpayer receives them as an owner in fee and is entitled to the same deductions to which all owners in fee are entitled.”
At this point it should be specifically noted that the record made by petitioner is substantially deficient in proof of the amounts of the deductions she is claiming, and that, upon the present record, we would have to sustain the respondent’s determination even if we agreed with petitioner on the law. Neither is there any evidence that the indenture of June 24, 1904, was in effect during the taxable years here in question. Assuming, however, that the indenture was in effect during the years 1923, 1924 and 1925; that the two trusts here in question received royalties thereunder; and that petitioner was paid a part of such royalties (all of which petitioner contends is true), we are clearly of the opinion that petitioner is not entitled to reduce the actual amounts which she received from the two trusts by any deduction for depletion or, in the language of petitioner, “ deductions to which all owners in fee are entitled,” and we discuss *1135 the law issue simply to show that there is no miscarriage oí justice, due to petitioner’s failure to offer proof as to the amounts of the deductions she is claiming.
It is our opinion that as far as these proceedings are concerned it is wholly immaterial whether we regard the indenture of June 24, 1904, as a lease or as a sale of coal in place. The fact remains, based upon the above assumption, that petitioner was paid the amounts in question by the trustees appointed in the two wills and under such wills she had no interest in the corpus of the trusts, but was merely a life beneficiary. In her brief petitioner states that “ The contention here is not that no income tax should be charged on the coal royalties but as they partake of the nature of capital a reasonable allowance for depletion should be made as provided by the Act of Congress.”
We regard the decisions cited above as controlling, and, therefore, find no error in the respondent’s determination as to this issue. See also Rosenberger v. McCaughn, 25 Fed. (2d) 699; and Strother v. Commissioner, 55 Fed. (2d) 626.
Petitioner offered no evidence on the issue as to whether an amount of $120.38 was income to petitioner in 1928 or in 1924. The respondent determined that the amount was income in 1923. We sustain the respondent.

Judgment will be entered for the respondent.